RONNIE LEE HACKETT V. STATE OF TEXAS

NO. 07-00-0312-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 12, 2000

RONNIE LEE HACKETT,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

FROM THE 176
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 745810; HON. BRIAN RAINS, PRESIDING

Before QUINN and REAVIS and JOHNSON, JJ.

Ronnie Lee Hackett (appellant) pled guilty to the felony offense of retaliation on  December 12, 1997.  Appellant’s adjudication of guilt was deferred and he was placed on ten years probation.  On April 10, 2000, in response to a motion filed by the State, appellant was adjudicated guilty and was sentenced to twenty-five years incarceration in the Texas Department of Criminal Justice Institutional Division.  Appellant filed his pro se notice of appeal on April 25, 2000.

Before this Court is appellant’s pro se motion for appointment of counsel in which appellant states that he is without the resources with which to retain counsel on appeal.  We, therefore, abate this cause and remand it to the 176
th
 District Court
 of Harris County.  It is ordered that the district judge for said court convene a hearing, after due notice to all parties, to determine whether: 

appellant desires to prosecute this appeal;

appellant is indigent; and

3) appellant is entitled to appointed counsel and a record of the proceedings without charge. 

We further direct the district court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the district court find that appellant desires to pursue his appeal and is indigent, then we further direct the court to appoint counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the counsel who will represent appellant on appeal must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the district court shall also cause to be developed:  1) a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter, and 2) a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before 

August 14, 2000.  Should additional time be needed to perform these tasks, the district court may request same on or before August 14, 2000.

It is so Ordered. 

Per Curiam   

Do not publish.